UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY BAGSHAW, et al.                                          PLAINTIFFS

v.                                                   CIVIL ACTION NO. 3:13CV-191-S

MANAGEMENT REGISTRY, INC., et al.                                DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court for consideration of a number of motions in this action which was recently removed to this court from the Jefferson County, Kentucky, Circuit Court.

The plaintiffs, Timothy Bagshaw and Freda Setters, filed a motion to stay all proceedings in the matter pending a decision on their motion to remand the action to state court. DN 6. The defendants, Management Registry, Inc., *et al*. (collectively "MRI"), have joined in the motion. DN 11. Therefore, the motion to stay will be granted, and the motion to remand will be addressed herein.

MRI filed a motion to remand on the ground that removal of the action was barred by the "forum defendant rule." 28 U.S.C. § 1441(b)(2) states that

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Courts in this district treat the "forum defendant rule" as jurisdictional rather than procedural. *See Choate v. Underwood*, No. 5:12CV-58-TBR, 2012 WL 2920010, *2 (W.D.Ky. July 17, 2012). The case at bar was removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The

defendants in this action are all citizens of Kentucky. Thus the action was improperly removed by the defendants.

MRI now appears to have abandoned its assertion of diversity jurisdiction. In response to the motion, MRI has moved for leave to amend its notice of removal to add the ground of federal question jurisdiction. While it restates in the amended notice that the parties are "diverse" and the amount in controversy exceeds $75,000.00 (¶¶ 6-9), it does not address, nor does it controvert, the argument that the "forum defendant rule" bars removal on the basis of diversity. Rather, the thrust of the amended notice is MRI's newly added assertion of federal question jurisdiction.

MRI asserts that it has timely sought to amend its notice of removal. "Prior to the expiration of the period for seeking removal, [a] defendant may freely amend [a] notice of removal." 29A Federal Procedure, Lawyers Edition (2010) § 69.92, *citing Wormley v. Southern Pacific Transportation Co.,* 863 F.Supp. 382 (E.D.Tex. 1994). There appears to be no dispute that the defendants were served with the state court pleadings on January 14, 2013 and the motion to amend the notice of removal was filed on February 12, 2013, prior to the expiration of the thirty-day removal period. Therefore, MRI's motion to amend its notice of removal will be granted.

MRI grounds its assertion of federal question jurisdiction on a statement made by the plaintiffs in a pre-suit settlement letter that certain of the defendants' conduct "caused Mr. Bagshaw grave concerns about the welfare of the company" because it was "an example of 'SUTA dumping," and it violate[d] the SUTA Dumping Prevention Act of 2004." DN 8-2, p. 3. MRI has focused on this lone reference to federal law, urging that

> Plaintiff Bagshaw seeks, in this action (*inter alia*), to recover from Defendants under the auspices of the False Claims Act, 31 U.S.C. § 3701, as set forth in Plaintiff's Sixteenth Cause of Action, as further elaborated upon in Plaintiff's original correspondence threatening the within litigation...While Plaintiff's Complaint is

>extremely vague and ambiguous, thus potentially leading to confusion as to Plaintiff's intentions in alleging Public Policy Wrongful Discharge and Retaliatory Discharge, the additional description volunteered by Plaintiff provides sufficient basis for the allegations contained in Plaintiff's Complaint to identify that the claim of Public Policy Wrongful Discharge addresses a purported "violation of statutory and common law."

Amend. Notice (DN 8-1), ¶¶ 10-11.  MRI then concludes that

>This court has jurisdiction over this matter based on federal question jurisdiction, based upon Plaintiff Bagshaw's allegations set forth in his Sixteenth Cause of Action, as supplemented by the detailed explanation volunteered by Plaintiff's counsel, in his July 12, 2012 correspondence, identifying the basis for such a claim as being the SUTA Dumping Prevention Act of 2004, necessarily arising under the False Claims Act.

DN 8-1, ¶ 17.

The Sixteenth Cause of Action to which MRI refers alleges wrongful discharge of Bagshaw in violation of public policy:

>80. Mr. Bagshaw re-states and incorporates each and every allegation set forth in the aforementioned paragraphs as if fully set forth herein.
>
>81.  Defendants were engaged in fraudulent accounting practices and wrongfully withheld wages, in violation of statutory and common law.
>
>82.  Mr. Bagshaw opposed these violations of statutory and common law.
>
>83. Defendants wrongfully terminated Mr. Bagshaw in violation of public policy for opposing these violations.

The complaint asserts only state law causes of action.  There is no reference anywhere in the complaint to the SUTA Dumping Prevention Act of 2004.  MRI contends, however, that it may glean the underlying premise of the wrongful discharge claim from the settlement letter, as it constitutes "other paper" from which removability may be determined.  (*citing* 28 U.S.C. § 1446(b)(3); *Nagarajan v. Ostruskza*, No. 5:12CV-91-TBR, 2012 WL 5077691 (W.D.Ky. Oct. 18, 2012)).

- 3 -

MRI has cited no authority to support this use of "other paper" in establishing federal question jurisdiction herein. By its very terms, § 1446(b)(3) applies to post-suit information which comes to light after the filing of an initial pleading that is not removable:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

Section 1446(b)(3). The *Nagarajan* case cited by MRI in its amended notice of removal involved "other paper," produced after suit had been filed, to establish an amount in controversy. There is some split of authority concerning whether *pre-suit* settlement communications may be similarly considered. We need not address this point, however, as we find that MRI may not rely on "other paper" to craft a federal question which is otherwise non-existent in this case.

The use to which MRI seeks to put the "other paper" provision is far different from that in *Nagarajan* and other cases in which "other paper" revealed an amount in controversy otherwise unstated in the complaint. By contrast, MRI attempts to engraft additional allegations onto a claim which was clearly conceived by the plaintiffs to be grounded in state law. The allegations culled from the settlement letter were not ultimately included by the plaintiffs in their complaint. MRI cannot incorporate them to redefine the claim and create federal question jurisdiction. *See Nixon v. O'Callaghan*, 392 F.Supp 1081, 1085 (S.D.N.Y. 1975):

> A defendant may not remove a case to federal court by supplementing the pleading unless the complaint, poorly drafted, necessarily states a claim cognizable in the federal courts or unless plaintiff fraudulently conceals facts which would have supported such jurisdiction. *Great Northern Railroad Co. v. Alexander*, *supra*, 246 U.S. at 282, 38 S.Ct. 237; Moore, 1A Federal Practice P0.163(4.-3) at pp. 258-61; P0.168 (3.-4) at pp. 459-60. If the court's examination of that pleading indicates that the plaintiff has properly and in good faith "pitched" his case upon a theory which would not support federal jurisdiction, and if there is no other independent basis for

federal jurisdiction, e.g., diversity, then the case must be remanded or dismissed (whichever is appropriate).

The complaint clearly states at paragraph 6 that "Mr. Bagshaw's causes of action against J.C. Malone, Tim Malone, and Terry Malone arise under a common nucleus of facts, and are brought pursuant to the Kentucky Civil Rights Act, KRS 344, KRS 337.385, and the common law of the Commonwealth of Kentucky." Nothing in the complaint indicates otherwise. The case must therefore be remanded to the Jefferson County, Kentucky, Circuit Court.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

May 17, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**